IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT C. WALKER | ) | CASE NO. 1:10CV0253 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| JUDGE NANCY FUERST, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* plaintiff, Robert C. Walker, filed this action alleging a violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Judge Nancy Fuerst, Cuyohoga County, Ohio Prosecutor William Mason and Attorneys James E. O'Brien and William T. McGinty.

**Facts**

The plaintiff, in a long rambling narrative, asserts that he is being deprived of his constitutional rights because Judge Nancy Fuerst will not allow him to be present during proceedings conducted prior to his trial in two cases. James O'Brien was his original attorney. Because of plaintiff's complaints, he was allowed to withdraw. The court then appointed William McGinty. Plaintiff contends that neither attorney obeyed his instructions to demand that the judge allow him to attend court proceedings. William Mason, judges and attorneys have allegedly been acting in a corrupt manner by not allowing defendants to be present during court proceeding. Plaintiff requests money damages, his two cases be dismissed with prejudice, a formal apology and that the defendants

resign from their respective positions.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Judge Nancy Fuerst is a common pleas court judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). No facts have been alleged that reasonably suggest that defendant acted outside the scope of her official duties. Judge Fuerst was definitely acting within the scope of her official duties in presiding over plaintiff's court cases.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The analytical key to prosecutorial immunity ... is advocacy- whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the complaint that Prosecutor William Mason was acting outside of the scope of his responsibilities.

Examination of the Cuyahoga County Common Pleas Court Docket shows that plaintiff's

two cases, Case Nos. 529861 and 525538, are scheduled for trial on April 15, 2010. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Therefore, this Court is required to abstain from intervening in the state court proceedings.

## Conclusion

Accordingly, plaintiff's Motion to Proceed In Forma Pauperis is granted. This action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: March 18, 2010                                    *s/     James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE